IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TANYA BRINKMAN and DAN
BRINKMAN,**

No. 3:16-cv-00699-MO

Plaintiffs,

v.

OPINION AND ORDER

**CHRISTOPHER ONG, et al.,**

Defendants.

**MOSMAN, J.**,

This matter comes before me on Defendants' Motions to Dismiss [53] and Plaintiffs'

Motion for Alternative Service [55]. For the reasons set forth below, I GRANT Defendants'

Motion to Dismiss and DISMISS the case without prejudice. I also DENY Plaintiffs' Motion for

Alternative Service.

## BACKGROUND

On April 22, 2016, Tanya and Dan Brinkman ("the Brinkmans") brought suit against

Christopher Ong, Greg Wiseman, Arbor Creek Apartments, AMC Properties, Bittner-Hahs Law

Firm, and Aaron Matusick. The Brinkmans eventually dismissed four of these parties [27],

leaving only Arbor Creek Apartments and AMC Properties as named defendants in the suit.

Since the Brinkmans initiated this action, the Court has informed them numerous times of

the need to serve their Complaint and Summons in accordance with the requirements under

Federal Rule of Civil Procedure 4. Most recently, I DENIED [40] the Brinkmans' Motion for Reconsideration of Order [37] for failure to properly effectuate service. During that telephone proceeding, I informed the Brinkmans of the steps they needed to take in order to properly effectuate service and move forward with their case. I also told them they had until November 4, 2016, to provide evidence of proper service or I would dismiss the case pursuant to Federal Rule of Civil Procedure ("Rule") 4(m).

In early November 2016, the Brinkmans filed Returns of Service [49-52], showing that they had served their Complaint and Summons upon National Registered Agents, Incorporated and/or CT Corporation System. Shortly thereafter, JSP Arbor I LLC ("JSP") and Apartment Management Consultants, L.L.C. ("Apartment Management Consultants") specially appeared and moved to dismiss the Complaint for insufficiency of service pursuant to Rule 12(b)(5). JSP and Apartment Management Consultants also moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) or, in the alternative, to strike portions of the Complaint and make a more definite statement of the claims. On December 9, 2016, the Brinkmans responded to the Motion to Dismiss and moved for alternative service.

## DISCUSSION

### I.    Local Rule 7-1

As a preliminary matter, the Brinkmans assert that JSP and Apartment Management Consultants failed to confer with them prior to filing their Motion to Dismiss in violation of Local Rule 7-1. Under this rule, parties must make a "good faith effort through personal or telephone conferences to resolve the dispute." D. Or. R. 7-1(a)(1)(A). If parties fail to comply with this requirement, the Court has discretion to deny the motion. D. Or. R. 7-1(a)(3).

JSP and Apartment Management Consultants dispute that they failed to make a good faith effort to consult with the Brinkmans regarding the Motion to Dismiss. In his declaration, counsel for JSP and Apartment Management Consultants states that he attempted to email and call the Brinkmans prior to filing the motion. Counsel also provided emails that appear to confirm these attempts. It seems, however, that counsel had an incorrect phone number for the Brinkmans. Although it is unfortunate that the parties were unable to confer with each other prior to the motion being filed, I find that counsel for JSP and Apartment Management Consultants made a good faith effort to do so. In any event, failure to comply with this rule does not require me to deny the motion.

## II.    Motion to Dismiss for Insufficient Service

Rule 4 lays out the requirements for properly serving a defendant in federal court. Fed. R. Civ. P. 4. A plaintiff may serve a corporate entity by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process" or by a method authorized by state law in the state where the district court is located. Fed. R. Civ. P. 4(e), (h). In Oregon, a plaintiff may also serve a corporate entity by mailing the summons and complaint to the entity's registered agent or last registered office, as shown by the records on file with the Oregon Secretary of State. Or. R. Civ. P. 7(D)(3)(b)(ii)(C). The summons must bear the name of the court in which the suit is pending and the name of the party to whom it is directed. Fed. R. Civ. P. 4(a).

Where a plaintiff fails to properly serve a defendant in accordance with Rule 4, the district court has no personal jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Before answering the complaint, the defendant may move to dismiss the case for insufficient service of process. Fed. R. Civ. P. 12(b)(5). But, if the defendant

voluntarily appears by filing a responsive pleading without raising the issue of insufficient

service, the defendant will have waived the defect. *Jackson*, 682 F.2d at 1347.

Here, the Brinkmans served their Summons and Complaint on National Registered

Agents and/or CT Corporation System, the supposed registered agents of Arbor Creek

Apartments and AMC, LLC. In reviewing the records from the Oregon Secretary of State,

however, there is no business entity of record by the name of Arbor Creek Apartments.

Moreover, AMC, LLC is a registered business entity out of Mount Angel, Oregon, whose

registered agent is Richard Arritola. Therefore, neither National Registered Agents nor CT

Corporation System is the registered agent for Arbor Creek Apartments or AMC, LLC.

To be clear, the Brinkmans' inability to effectuate service seems to stem from their

failure to properly name the defendants they are trying to sue. The Brinkmans are supposedly

attempting to sue the property manager and owner of the Arbor Creek Apartments. Those parties

appear to be those that have specially appeared today; not AMC, LLC, AMC Properties, or

Arbor Creek Apartments. Thus, even though the Brinkmans served the correct registered agents

for the entities they are trying to sue, they failed to properly name those entities on the Complaint

and Summons. Accordingly, neither JSP nor Apartment Management Consultants ever received

copies of the Complaint and Summons from their registered agents.

A hypothetical may help to explain the defect in the Brinkmans' service of process.

Imagine a person named John Smith orders an item off Amazon. When that item arrives, the

label is addressed to Mark Smith, rather than John Smith. Even though the item was meant for

John and arrived at John's residence, John does not realize the package is for him because it is

addressed to Mark. Likewise here, the Complaint and Summons appear to have arrived at the

proper place but did not name the proper entities. Arbor Creek Apartments, as a business entity,

does not exist in Oregon, and AMC, LLC is a business entity that seemingly has nothing to do with this case. It goes without saying that in order to properly effectuate service of process, the Complaint and Summons must name the proper parties.

Because of this defect, the Brinkmans have again failed to properly effectuate service in accordance with Rule 4. Nevertheless, the Brinkmans argue that JSP and Apartment Management Consultants have waived their defense of insufficient service of process because they also move to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) or, in the alternative, strike portions of the Complaint and make the claims more definite. The Brinkmans are correct that a defendant can waive the defense of insufficient service of process by "appearing generally without first challenging the defect in a preliminary motion or in a responsive pleading." *Jackson*, 682 F.2d at 1347. But, if a defendant raises an objection to service of process in its first responsive pleading, that defendant has not waived the defense. *See* Fed. R. Civ. P. 12(h); *Jackson*, 682 F.2d at 1347.

In this case, JSP and Apartment Management Consultants did not waive their defense of insufficient service of process because they raised the defect in their first responsive pleading. This is true even though JSP and Apartment Management Consultants raise additional reasons to dismiss the Complaint and alternative motions in the same document. Thus, the Brinkmans' argument that JSP and Apartment Management Consultants generally appeared in this action is incorrect.

The Brinkmans failed to property effectuate service of process, and JSP and Apartment Management Consultants did not waive their objection to this defect. Therefore, in accordance with Rule 4(m), I must dismiss the action without prejudice unless there is good cause for the failure. Fed. R. Civ. P. 4(m). The Brinkmans have not shown good cause for their failure to serve

the remaining parties in this action, especially in light of my instructions during the telephone hearing on October 4, 2016, and the significant time that has passed since the Complaint was filed. Accordingly, I dismiss this case without prejudice for insufficient service under Rule 12(b)(5).[1]

### III.    Motion for Alternative Service

In their response to JSP and Apartment Management Consultants' Motion to Dismiss, the Brinkmans also moved for an order allowing alternative service [55]. The Brinkmans argue that the remaining defendants in this suit are "evasive," thereby necessitating the ability to serve them by alternative means. Despite this accusation, the Brinkmans have failed to demonstrate facts and circumstances that prevent them from serving JSP and Apartment Management Consultants using traditional methods under Rule 4. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). In fact, as explained above, the Brinkmans' inability to serve the remaining defendants in this case is due to their failure to name the parties correctly in the Complaint or Summons, despite appearing to have access to documents from an underlying state proceeding that properly identifies those parties. Moreover, during the hearing on October 4, 2016, I explained to the Brinkmans what they needed to do to properly effectuate service. The Brinkmans have not taken those steps, and therefore, I deny their request to serve JSP and Apartment Management Consultants by alternative means.

//

//

//

//

---

[1] Because I dismiss this case for insufficient service of process under Rule 12(b)(5), I do not need to address JSP and Apartment Management Consultants' argument for dismissal under Rule 12(b)(6) or their arguments to strike and make the claims more definite.

**CONCLUSION**

For the reasons stated above, I GRANT Defendants' Motion to Dismiss [53] and DENY

Plaintiffs' Motion for Alternative Service [55]. This case is DISMISSED without prejudice. [2]


IT IS SO ORDERED.

DATED this   23rd   day of March, 2017.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge

---

[2] In their communications with the Court, the Brinkmans often accuse Defendants, Defendants' counsel, the Court, and me of engaging in serious criminal and immoral activity. If the Brinkmans choose to refile their case, I admonish them to exercise restraint before leveling such serious accusations against other parties in the case and especially against the Court. Although I recognize the Brinkmans' right to passionately advocate for a redress of their wrongs, making unsubstantiated claims about the Court being involved in illegal acts is inappropriate.